UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. EARLEY,

    Plaintiff,

v.                                       CASE NO. 8:13-CV-1099-T-17TGW

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 8    Motion to Dismiss; Motion For More Definite Statement

Defendant Lowe's Home Centers, Inc. ("Lowe's") moves for the dismissal of the Complaint. (Dkt. 2).

The Complaint was removed from Pinellas County Circuit Court on April 24, 2013. The basis of jurisdiction is federal question jurisdiction, 28 U.S.C. Sec. 1331.

Plaintiff James M. Earley has not filed a response to the Motion to Dismiss and Motion for More Definite Statement, and has not requested an extension of time to respond.

The Court reminds Plaintiff Earley that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The Local Rules are found on the Court's website, www.flmd.uscourts.gov. Plaintiff is directed to comply


Case No. 8:13-CV-1099-T-17TGW

with the Federal Rules and the Local Rules. Failure to comply with the Federal Rules and Local Rules may have adverse consequences.

Defendant Lowe's moves to dismiss for failure to comply with Fed. R. Civ. P. 8(a). Defendant argues that Plaintiff's stated claims are preempted by ERISA, and Defendant cannot meaningfully respond to the Complaint in its present form, as it is unclear what relief Plaintiff seeks from Defendant Lowe's, and what the basis for Lowe's liability is.

I. Preemption

Defendant argues that the Group Disability Income Policy was issued by Liberty Life to the sponsor so as to insure a plan established by the Sponsor as an employer, for the purpose of providing disability benefits to the Sponsor's employee participants. Defendant contends the Plan at issue is an ERISA Plan.

Title 29 U.S.C. Sec. 1144(a) "preempts any and all State laws insofar as they may now or hereafter relates to any employee benefit plan covered by ERISA." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983). The phrase "relates to" is to be applied broadly. Id. A "state law cause of action 'relates to' an employee benefit plan if the employer's conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan." See Clark v. Coats & Clark, Inc., 865 F.2d 1237 (11th Cir. 1989). Preemption is not limited to "state laws dealing with the subject matters covered by ERISA–reporting, disclosure, fiduciary responsibility and the like." Shaw v. Delta Air Lines, Inc., supra at 99. Common law causes of action for breach of contract, negligence, conspiracy and/or fraud are preempted by ERISA. Swerhun v. The Guardian Life Insurance Company of America, 979 F.2d 195 (11th Cir. 1992)(state law breach of contract claim preempted); Butero v. Royal Maccabees Life Insurance Company, 174 F.3d 1207 (11th Cir. 1999).

Case No. 8:13-CV-1099-T-17TGW

Because this case is an ERISA case, and ERISA preempts state law causes of action which relate to the employee benefit plan, the Court grants the Motion to Dismiss, with leave to file an amended complaint which complies with the Federal Rules of Civil Procedure within fourteen days.

II. Fed. R. Civ. P. 8(a)

Defendant Lowe's argues that Plaintiff Earley makes allegations against three Defendants, and jumps back and forth between the conduct of each. Defendant Lowe's further argues that Plaintiff has included allegations relating to disability benefits, unemployment benefits, and workers' compensation, but Plaintiff makes no distinct statement as to the benefits Plaintiff now seeks or the cause of action under which Plaintiff seeks benefits.

Defendant further argues that there are conclusory allegations of fraud and conspiracy, but it is unclear who conspired, what the participants conspired to do, and what damages resulted.

Fed. R. Civ. P. 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must...point out the defects complained of and the details desire. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Where the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim in a separate count, as required by Rule 10(b). Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984-985 (11th Cir. 2008)(citing

Case No. 8:13-CV-1099-T-17TGW

<u>Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).

After consideration, the Court grants Defendant's Motion for More Definite Statement, with leave to file an amended complaint which complies with Fed. R. Civ. P. 8(a) and 10(b) within fourteen days. If Plaintiff asserts multiple claims for relief, Plaintiff shall assert each separate claim for relief in a separate count, consisting of numbered paragraphs. Each count shall clearly identify the defendant to which it is directed, the basis for that defendant's liability, and the relief Plaintiff seeks. Accordingly, it is

**ORDERED** that the Motion to Dismiss is **granted** and the Motion for More Definite Statement is **granted**, with leave to file an amended complaint within fourteen days which complies with this Order as stated above.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 16th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record