UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. EARLEY,

      Plaintiff,

v.                          CASE NO.  8:13-CV-1099-T-17TGW

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 14    Construed Amended Complaint
Dkt. 15    Motion to Dismiss, Motion for More Definite Statement
Dkt. 16    Order to Show Cause
Dkt. 17    Response to Order to Show Cause

This case was removed from Pinellas County Circuit Court based on federal question jurisdiction. (Dkt. 1).


The Court granted leave to Plaintiff to file an amended complaint which complies with the Federal Rules of Civil Procedure. (Dkts. 9, 13).  The Court directed Plaintiff to identify each claim, identify the party or parties to whom it is directed, identify the basis of the Court's jurisdiction, provide a succinct factual basis for each claim, and identify the relief sought.  Plaintiff was directed to comply with Fed. R. Civ. P. 8(a) and 10(b).


The Court understands Plaintiff's Construed Amended Complaint to include claims against Liberty Life Assurance Company of Boston, Lowes Home Centers, Inc. and Sedgwick CMS.  The Group Disability Policy is attached to the Complaint.  (Dkt. 2).

Case No. 8:13-CV-1099-T-17TGW

Plaintiff has attached a document describing the subject policy from Lowe's Employees Handbook to the Construed Amended Complaint (Dkt. 14, pp. 3-15).

I.  Standard of Review

A.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B.  Pro Se Plaintiff

2

Case No. 8:13-CV-1099-T-17TGW

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). Pro se litigants are required to comply with procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

II. Discussion

In filing Plaintiff's Construed Amended Complaint, Plaintiff Earley did not comply with the Court's previous Orders, and did not comply with the Federal Rules of Civil Procedure. Since Plaintiff is either unwilling or unable to comply with the Court's Orders, the Court will not grant further leave to amend the Complaint. The Court will construe Plaintiff's allegations liberally in an attempt to determine what claims that Plaintiff is asserting.

A. Fraud

Plaintiff's first claim is a claim for fraud, fraudulent inducement to enter into contract, and/or conspiracy as to Defendants Liberty Life Insurance Company and Lowe's Home Center's, Inc. (Dkt. 14, par. 1). Plaintiff alleges that the descriptive literature in the Lowe's Employee Handbook promises a certain Financial Benefit. Plaintiff alleges a discrepancy as to the amount of coverage available between provisions in the descriptive literature in Lowe's Employees Handbook and the terms of the subject policy. Plaintiff further alleges that Defendant Lowe's did not provide a copy of the policy to Plaintiff, and Defendant Liberty Life provide a copy of the policy to Plaintiff after Plaintiff made a claim.

As to Short Term Disability, the policy provides that a weekly benefit will not be payable for a Covered Person who becomes disabled due to a work-related Injury or Sickness for which benefits are paid or payable under any Worker's Compensation law.

Case No. 8:13-CV-1099-T-17TGW

(Dkt. 2, p. 40). The literature in Lowe's Employees Handbook states that the Short
Term Disability Plan Option will not pay for any disability due to an occupational injury
for which [the Covered Person] receives or is entitled to receive benefits under workers'
compensation law. (Dkt. 14, p. 5). It is undisputed that Plaintiff received worker's
compensation benefits in connection with Plaintiff's knee injury.

    With respect to Long Term Disability, the policy defines "Disability" or "Disabled":

    i. If the Covered Person is eligible for the 24 Month Own Occupation
    benefit, "Disability" or "Disabled" means that during the Elimination Period
    and the next 24 months of Disability, the Covered Person, as a result of
    Injury or Sickness, is unable to perform the Material and Substantial
    Duties of his Own Occupation; and

    ii. thereafter, the Covered Person is unable to perform, with reasonable
    continuity, the Material and Substantial Duties of Any Occupation.

The Lowe's Employees Handbook provides:

    **Definition of Disability**

    If, during the elimination period (90 days) and for the subsequent 24
    months, as a result of a Sickness or injury, you are unable to perform the
    material and substantial duties of your own occupation on a full-time or
    part-time basis, you are considered disabled or partially disabled. After
    LTD benefits have been paid for 24 months, you must be unable to
    perform the material and substantial duties of any occupation to be
    considered disabled. You are considered partially disabled if you can
    perform on or more, but not all, of the duties for your job or all of any other
    job, and are earning between 20% and 80% of your pre-disability
    earnings.

The Maximum Benefit periods in the policy and the descriptive literature appear
identical. (Dkt. 2-1, p. 9, Dkt. 14, p. 10). The alleged false promise is unclear to the
Court.

4

Case No. 8:13-CV-1099-T-17TGW

A welfare plan requires (1) a "plan, fund, or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing.... disability [or] death benefits (5) to participants or their beneficiaries.  See Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982). The Group Disability policy itself (Dkt. 2, pp. 5-51) states that the policy is subject to the Employment Retirement Income Security Act of 1974 (ERISA).

The Court has determined that Plaintiff's state law claim is preempted by ERISA. (Dkt. 9, p. 2; Dkt. 13, p. 2).  There is a relevant ERISA plan, Plaintiff has standing to sue under the plan as a plan beneficiary, Defendants Lowe's and Liberty Life are ERISA entities, and the Construed Amended Complaint seeks compensatory relief akin to that available under 29 U.S.C. Sec. 1132(a).  Plaintiff seeks $310,000 in benefits, attorney's fees, and damages.  (Dkt 14, p. 2).

Common law causes of action for breach of contract, negligence, conspiracy and/or fraud are preempted by ERISA.  Swerhun v. The Guardian Life Insurance Company of America, 979 F.2d 195 (11th Cir. 1992); Butero v. Royal Maccabees Life Insurance Company, 174 F.3d 1207 (11th Cir. 1999).

In the Construed Amended Complaint, Plaintiff does not allege that Plaintiff met the definition of disability under the subject policy, and that Plaintiff's claim for disability benefits was wrongfully denied.

As to the duty to provide information, the subject policy provides:

**Employee's Certificate**

Liberty will provide a Certificate to the Sponsor for delivery to Covered Persons.  It will state:

Case No. 8:13-CV-1099-T-17TGW

1. the name of the insurance company and policy number;
2. a description of the insurance provided;
3. The method used to determine the amount of benefits'
4. to whom benefits are payable;
5. limitations or reductions that may apply;
6. the circumstances under which insurance terminates; and
7. the rights of the Covered Person upon termination of this policy.

If the terms of a Certificate and this policy differ, this policy will govern.

(Dkt. 2, p. 45).

29 U.S.C. Sec. 1021 provides that a plan Administrator shall cause a summary plan description to be furnished to plan beneficiaries, in accordance with 29 U.S.C. Sec. 1022. In the Construed Amended Complaint, Plaintiff alleges that Defendant Lowe's provided online literature describing the policy through the Lowe's Employees Handbook. The information provided by Defendant Lowe's to Plaintiff via the Employees Handbook notifies Plaintiff of Plaintiff's rights and responsibilities under the plan. Defendant Lowe's has complied with the applicable statutory provision.

29 U.S.C. Sec. 1132(c)(1) provides for penalties that may assessed for the Administrator's refusal to provide requested information. However, in the Construed Amended Complaint, Plaintiff alleges that Defendant Liberty Life, the Administrator, gave Plaintiff a copy of the insurance policy after Plaintiff made a claim. (Dkt. 14, p. 1). Plaintiff's allegations do not establish a statutory violation based on the alleged refusal to provide information Plaintiff requested. Plaintiff does not allege that Defendant Liberty Life refused to provide requested information.

After consideration, the Court grants Defendant's Motion to Dismiss as to the ERISA claim, without leave to amend.

Case No. 8:13-CV-1099-T-17TGW

B.  Worker's Compensation Claim

Plaintiff alleges his work claim was underpaid, and the Administrative Judge should have made some additional inquiry before signing off on Plaintiff's claim. (Dkt. 14, par. 2).  The Court understands this claim to be directed to Sedgewick CMS, the worker's compensation carrier for Lowe's Home Centers, Inc., or to Defendant Lowe's.

Florida Statute 440.01 et seq. is the exclusive remedy for worker's compensation claims; the statutory framework controls all aspects of claim procedures and benefit dispute resolution, and affords review of orders of judges of compensation claims by a state appeal court (F.S. 440.271).   This Court does not have jurisdiction as to any challenge to the resolution of Plaintiff's worker's compensation claim, and dismisses this claim without prejudice for lack of subject matter jurisdiction.

C.  Unemployment Claim

Plaintiff alleges that the State of Florida will not pay Plaintiff unemployment benefits to which Plaintiff is entitled due to Plaintiff's knee injury.

Florida Statute 443.011, et seq. provides a statutory framework which controls every aspect of claim procedures and benefit dispute resolution, including judicial review of agency determinations on claims for unemployment compensation.

Florida Statute 443.012 provides that Orders of the Florida Reemployment Assistance Appeals Commission (formerly Unemployment Appeals Commission) relating to reemployment assistance are subject to review only by notice of appeal to the district courts of appeal in the manner provided in F.S. 443.151(4)(e):

7

Case No. 8:13-CV-1099-T-17TGW

> (e) Judicial review.--Orders of the commission entered pursuant to paragraph (c) of this subsection shall be subject to review only by petition for writ of certiorari to the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee and the division shall be made a party respondent to every such proceeding.

The factual basis for Plaintiff's allegation of entitlement to unemployment compensation remains unclear.  However, after review of the applicable statutes, the Court concludes that the Court does not have jurisdiction to review any agency determination of Plaintiff's unemployment claim.  The Court therefore dismisses this claim without prejudice for lack of subject matter jurisdiction.

D.  ADA Claim

Plaintiff alleges that Defendant Lowe's should have accommodated Plaintiff by reassigning Plaintiff to another position within Lowe's after Plaintiff's knee injury, and should not have terminated Plaintiff.

Title I of the ADA prohibits discrimination against disabled individuals in regard to the terms, conditions and privileges of their employment.  42 U.S.C. § 12112(a).  To plead employment discrimination under the ADA, a plaintiff must allege that: (1) he has a disability, (2) he is a qualified individual, and (3) the defendant unlawfully discriminated against him because of the disability.  D'Angelo v. Conagra Foods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005).   Plaintiff has not included these allegations in the Construed Amended Complaint.

An individual may be considered disabled under the ADA in one of three ways: (1) he has a physical or mental impairment that substantially limits one or more of his major life activities; (2) there is a record of such an impairment; or (3) he was regarded as having such an impairment.   42 U.S.C. § 12102(1).   Major life activities include, among other things, concentrating, thinking, communicating, and working. 42 U.S.C. §

Case No. 8:13-CV-1099-T-17TGW

12102(2)(A).   From the allegations included in Plaintiff's Construed Amended Complaint, the Court infers that: 1) Plaintiff was subjected to unlawful discrimination because of his disability when Defendant Lowe's did not reasonably accommodate Plaintiff's disability and terminated Plaintiff's employment; 2) at the time of Plaintiff's termination, Plaintiff's knee injury would not have prevented Plaintiff from performing other available positions at Lowe's; 2) at the time of Plaintiff's termination, there was a record of Plaintiff's physical impairment that substantially limited one or more of Plaintiff's major life activities; or 3) Plaintiff was regarded as having an impairment that substantially limited one or more of Plaintiff's major life activities.

Before filing an ADA complaint, a plaintiff must exhaust administrative remedies provided by the ADA.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  The administrative remedies of Title VII are incorporated by reference into the ADA.  See 42 U.S.C. Sec. 12117.

As a prerequisite to filing suit, a plaintiff must file a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).  42 U.S.C. Sec. 2000e-5(b) and (e)(1).  To be timely filed, the Charge of Discrimination must be filed within 180 days after the alleged discriminatory employment practice took place. The ADA complaint must be filed within 90 days of receipt of a Notice of Right to Sue from the EEOC.  42 U.S.C. Sec. 2000e-5(f)(1).  If a plaintiff has not complied with the administrative prerequisites, the Court must dismiss the plaintiff's complaint.

After consideration, the Court directs Plaintiff to provide a copy of Plaintiff's timely Charge of Discrimination and Notice of Right to Sue by filing a response to this Order within fourteen days.  The Court will defer ruling as to Plaintiff's ADA claim.

Case No. 8:13-CV-1099-T-17TGW

E. Mediation

In the Response to Order to Show Cause, Plaintiff states that Plaintiff is awaiting a response from the Court as to court-ordered mediation.  The Court directed Plaintiff to file an Amended Complaint; the document filed on August 29, 2013 is the Construed Amended Complaint, not a motion.  Plaintiff's failure to comply with the Court's Orders has delayed this case.  In the event that the Construed Amended Complaint survives Defendant's Motion to Dismiss, a case management order will be entered after a case management report is filed; the standard case management order includes mediation. Accordingly, it is

**ORDERED** that: 1)  Defendant's Motion to Dismiss is **granted** as to the ERISA claim, with prejudice and without leave to amend; 2) Plaintiff's claims which are based on worker's compensation and unemployment compensation are **dismissed without prejudice** for lack of subject matter jurisdiction; 3) the Court **defers ruling** as to Plaintiff's ADA claim for fourteen days, and Plaintiff is directed to file a copy of Plaintiff's timely charge of discrimination and Notice of Right to Sue within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 7th day of November, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

10